| | |
|---|---|
| 1 | KEKER, VAN NEST & PETERS LLP |
| | BENJAMIN BERKOWITZ - # 244441 |
| 2 | bberkowitz@keker.com |
| | MATAN SHACHAM - # 262348 |
| 3 | mshacham@keker.com |
| | JACQUELINE CONCILLA - # 335733 |
| 4 | jconcilla@keker.com |
| | NATALIE R. HEIM - # 340549 |
| 5 | nheim@keker.com |
| | 633 Battery Street |
| 6 | San Francisco, CA 94111-1809 |
| | Telephone:  415 391 5400 |
| 7 | Facsimile:  415 397 7188 |
| 8 | Attorneys for Defendant |
| | TWILIO INC., a Delaware corporation |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NOAH BENDER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TWILIO INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:24-cv-04914-AMO<br><br>**DEFENDANT TWILIO INC.'S ADMINISTRATIVE MOTION TO SEAL**<br><br>Dept.:   10, 19th Floor<br>Judge:   Hon. Araceli Martínez-Olguín<br><br>Date Filed: August 8, 2024<br><br>Trial Date: None Set |

Pursuant to Civil Local Rules 7-11 and 79-5(c), Defendant Twilio, Inc. respectfully submits this Administrative Motion to Seal in connection with Twilio's concurrently filed Motion to Dismiss, Request for Judicial Notice, and exhibits thereto.

Specifically, the documents subject to this Administrative Motion include the following:

| Document Title | Dkt. No. of Redacted Version | Dkt No. of Unredacted Version | Party with Burden | Full or Partial | Brief Reason |
|---|---|---|---|---|---|
| Order Form between Twilio and Calm (Heim Decl. iso Twilio's RJN, Ex. F) | Dkt No. 23-6 | Dkt No. 24-2 | Twilio | Partial (Fee terms) | Sensitive and confidential pricing terms, the disclosure of which could give competitors insight into Twilio's business model and strategy. *See* Alsdorf Decl. iso Mot. to Seal, ¶¶ 3, 5-6. |
| Platform Agreement between Twilio and Calm (Heim Decl. iso Twilio's RJN, Ex. G) | Dkt No. 23-7 | Dkt No. 24-3 | Twilio | Partial (¶¶ 6, 7, 9) | Sensitive and confidential contractual terms, the disclosure of which could put Twilio at a disadvantage in future negotiations. *See* Alsdorf Decl. iso Mot. to Seal, ¶¶ 4-6. |

Because the foregoing material contains Twilio's sensitive business and financial information—including negotiated contractual terms and pricing information—Twilio respectfully requests that the Court grant its motion to seal.

Generally, sealing is appropriate where the "party seeking to seal a judicial record" demonstrates "compelling reasons" that outweigh the "general history of access and the public policies favoring disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (quotation omitted). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678-79 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). Consequently, filings that are "more than tangentially related to the merits of a case" may

1

be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Because the sealing motion relates to the briefing on Twilio's motion to dismiss, the sealing motion is more than tangentially related to the merits of the case. *See Pinnacle Ventures LLC v. Bertelsmann Educ. Servs.*, Case No. 18-cv-3412-BLF, 2019 WL 13126128, at *1 (N.D. Cal. Dec. 10, 2019). Thus, the compelling reasons standard applies.

Compelling reasons exist to seal materials that are "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 599 (1978)). Confidential business information "in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies satisfies' satisfies the 'compelling reasons' standard." *Baird v. BlackRock Inst. Tr. Co.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) (quoting *In re Qualcomm Litig.*, Case No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017)) (observing that sealing such information "prevent[ed] competitors from gaining insight into the parties' business model and strategy"); *In re Elec. Arts, Inc.*, 298 F. App'x. 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business information that might harm a litigant's competitive strategy," including confidential contract terms).

Indeed, courts in this district regularly find compelling reasons to seal sensitive business information such as confidential contract terms and pricing information. *See, e.g.*, *Nicolosi Distributing, Inc. v. Finishmaster, Inc.*, Case No. 18-v-03587-BLF, 2018 WL 10758114, at *2 (N.D. Cal. Aug. 28, 2018) ("[C]ompelling reasons exist to seal [contracts] because they contain proprietary and confidential business information, including potential trade secrets and business practices, such as product rates and purchase requirements."); *FTC v. Qualcomm Inc.*, Case No. 17–CV–220–LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (granting motion to seal under the compelling reasons standard to the extent it may harm the party's "competitive standing and divulges terms of confidential contracts"); *Regis Metro Associates, Inc. v. NBR Co.*, LLC, Case No. 20-cv-2309-DMR, 2022 WL 267443, at *14 (N.D. Cal. Jan 28, 2022) (granting motion to seal because "[a]ll of the documents contain sensitive business information or may be subject to

confidentiality agreements"); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-CV-03844-JST, 2015 WL 984121, at *3 (N.D. Cal. Mar. 4, 2015) (disclosing terms of agreement between defendant and third-party "would result in an invasion of the third-party's privacy" and "put [defendant] in a disadvantage in future negotiations for similar agreements.").

Both the Twilio Order Form and Platform Agreement contain provisions that reflect sensitive business information as courts in this District have defined that term. *See also* Alsdorf Decl. ¶¶ 3-5. Specifically, Twilio seeks to seal pricing, indemnity, liability, and insurance provisions within the agreements as those select provisions are non-standard, confidential terms that reveal sensitive business information about Twilio and its negotiations with its clients. Alsdorf Decl. ¶¶ 3-4. Twilio does not publicly disclose those terms to the public or third parties. *Id.* ¶ 5. The disclosure of those terms could put Twilio at "a disadvantage in future negotiations for similar agreements" and/or could provide competitors "insight into [] [Twilio's] business and strategy." *Id.* ¶ 6; *see also Qualcomm*, 2017 WL 5176922 at *2; *Icon-IP*, 2015 WL 984121, at *3. Therefore, there are compelling reasons to seal the specified provisions.

Moreover, Twilio has narrowly tailored its request as Twilio seeks to redact only the provisions that reveal competitively sensitive, negotiated information. *See* Civ. L.R. 79-5(b) (a request to file documents under seal "must be narrowly tailored to seek sealing only of sealable material").

Accordingly, because the agreements divulge confidential and sensitive business information, the disclosure of which could put Twilio at a competitive disadvantage, Twilio requests that the Court grant the motion to seal the pricing and fee information in the Order Form (Exhibit F) and the indemnity, liability, and insurance provisions in the Platform Agreement (Exhibit G, ¶¶ 6, 7, 9).

//
//

2807013

| | | |
|---|---|---|
| 1 | Dated: October 18, 2024 | KEKER, VAN NEST & PETERS LLP |
| 2 | | |
| 3 | | By: /s/ Benjamin Berkowitz |
| 4 | | BENJAMIN BERKOWITZ<br>MATAN SHACHAM |
| 5 | | JACQUELINE CONCILLA<br>NATALIE R. HEIM |
| 6 | | Attorneys for Defendant<br>TWILIO INC., a Delaware corporation |